UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMIR SISIC,<br>        Defendant. | Cr. No. CR-20-63MSM<br>In violation of 18 U.S.C. § 371 |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

### (Conspiracy to Falsify Records)

### Background

1. Sisic Transport Service LLC (STS) was a for-hire motor carrier who transported general freight for other businesses throughout the east coast and mid-west. STS owned approximately 11 commercial truck tractors and 10 box style commercial trailers. STS employed approximately 7 to 10 commercial drivers at a time.

2. Defendant DAMIR SISIC was the owner and registered agent of STS who managed and supervised the day-to-day operations of the company until STS ceased operating in or about June 2019.

### Federal Motor Carrier Safety Regulations (FMCSRs)

3. The U.S. Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA), is charged with the nationwide regulation of the trucking or motor carrier industry. Its mission is to reduce crashes, injuries and fatalities involving

commercial motor vehicles (CMVs) and buses.  The Secretary of the U.S. Department of Transportation has promulgated numerous regulations relating to record keeping, safe operation of motor carriers and qualification of drivers. These regulations include both mandatory record keeping requirements and mandatory operational requirements.

4. Among the regulations promulgated by the Secretary were requirements that motor carriers keep records relating to driver's hours of service, maintenance and inspection, driver qualification, commercial driver's license (CDL) requirements, financial responsibilities, accidents, hazardous materials, and other safety and transportation records. The FMCSA had authority to review these records kept by motor carriers in order to determine whether a motor carrier meets the safety fitness standards and whether drivers employed by the motor carrier are qualified to safely operate commercial vehicles and.  The FMCSA conducts inspections of motor carriers without notice, as well as compliance reviews with prior notice.  A compliance review is on-site examination of motor carrier operations.

5. To fulfill its safety mission, the FMCSA restricts the driving time of a driver of a property-carrying commercial motor vehicle as follows:

(1) **Start of work shift**. A driver may not drive without first taking 10 consecutive hours off duty.

(2) **14-hour period**. A driver may drive only during a period of 14 consecutive hours after coming on duty following 10 consecutive hours off duty. The driver may not drive after the end of the 14-consecutive-hour period without first taking 10 consecutive hours off duty."

(3) **Driving time**. A driver may drive a total of 11 hours during the 14-hour period.

2

(4) **No driving permitted after:**

    (a)  Having been on duty 60 hours in any period of 7 consecutive days if the employing motor carrier does not operate commercial motor vehicles every day of the week; or

    (b)  Having been on duty 70 hours in any period of 8 consecutive days if the employing motor carrier operates commercial motor vehicles every day of the week.

6.    The FMCSA also mandates that motor carriers require their commercial drivers to record their driver's duty status for each 24-hour period through methods specified in the regulations.  For example, a motor carrier that installs and requires a driver to use an automatic on-board recording device before December 18, 2017, may continue to use the compliant automatic on-board recording device no later than December 16, 2019.

7.    The FMCSA further requires motor carriers retain records of duty status and supporting documents required under the regulations for each of its drivers for a period of not less than 6 months from the date of receipt.

### STS' Use of Omnitracs Software to Record Drivers Hours of Service

8.    On October 3, 2017, STS purchased Omnitracs electronic logging devices and contracted with Omnitracs for the Automatic Onboard Recording Devices (AOBRD) software.

9.    The Omnitracs AOBRD allows STS commercial drivers to electronically log their hours of service. The AOBRD automatically records the driver as driving when the driver's truck starts moving and automatically records the time that the truck stops moving.  The AOBRD application records the start and stop times and location by city

and state. The AOBRD application does not allow a driver to edit the drive time portion of their electronic log.

10. However, the AOBRD application allows a company official with edit rights in the online system to login and change any portion of a drivers hours of service record or electronic log. This includes the drive time portion of a driver's electronic log and location information. All edits are shown on an edit audit report. Omnitracs kept hours of service information for STS for 180 days.

11. Defendant DAMIR SISIC had edit rights under the username "DISPATCH" which allowed Defendant DAMIR SISIC to modify or remove drive time and change location information.

## The Conspiracy

12. From on or about January 1, 2018, or earlier, through on or about May 31, 2019, at Woonsocket, Rhode Island, and elsewhere, Defendant DAMIR SISIC conspired and agreed, together and with others known and unknown to the United States, to commit an offense against the United States, that is, to knowingly alter, conceal, cover up, and falsify a record or document, namely STS drivers' hour of service electronic logs, with intent to impede, obstruct and influence the investigation and proper administration of any matter and in contemplation of and in relation to any such matter within the jurisdiction of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, a department and administration of the United States, in violation of Title 18, United States Code, Section 1519.

## Manner and Means

13.  Defendant DAMIR SISIC, along with persons known and unknown to the United States, prepared and aided and abetted the preparation and maintenance of false and fraudulent drivers' daily hour of service electronic logs, and concealed from the USDOT and FMCSA that STS truck drivers were routinely exceeding the maximum number of driving hours and "on-duty" hours without the required hours off-duty, and were otherwise driving in violation of federal law.

14.  Defendant DAMIR SISIC routinely disregarded federal highway safety regulations by:

   a.  Aiding, abetting, encouraging, permitting or requiring STS drivers to violate federal safety regulations including communicating with STS drivers by text message to do so;

   b.  Editing STS drivers' logs using the Omnitracs username DISPATCH to:

   (i)  Falsely record their duty status as "Off-Duty" when in fact their true status was "On-Duty" and/or "Driving";

   (ii)  Falsely record their duty status as "Off-Duty Driving" when in fact their true status was "On-Duty" and/or "Driving";

   (iii)  Falsely record their duty status as "Sleeper-Birth" when in fact their true status was "On-Duty" and/or "Driving";

   (iv)  Falsely record their location; and

   (v)  Falsely present their record of duty status as accurate when in fact it was not accurate to an FMCSA Safety Investigator during a ten-day compliance review that concluded on November 1, 2018, and to an Oklahoma State Trooper

5

investigating a STS truck fatality that occurred on April 22, 2018.

c.  Allowing, encouraging, and causing commercial truck drivers employed by STS to operate commercial trucks in violation of federal highway safety regulations to include exceeding the limitations on the maximum allowable hours of driving and on-duty, and preparing and maintaining false and fraudulent driver's daily logbooks to conceal violations of regulations governing the maximum allowable number of daily driving hours.

15. Defendant DAMIR SISIC knowingly and willfully dispatched the company's commercial truck drivers on trips which Defendant knew required excessive hours of driving time and excessive hours of "on-duty" time, without allowing for the required hours of rest or "off-duty" time.

16. Defendant DAMIR SISIC along with persons known and unknown to the United States, knowingly concealed violations of federal motor carrier safety regulations, to wit, hours of service violations, from federal and state officials and agents who reviewed and inspected the drivers' daily logbooks.

### Overt Acts

17. From on or about January 1, 2018, to on or about May 31, 2019, Defendant DAMIR SISIC made thousands of edits to electronic hour of service logbooks for approximately 20 STS drivers that worked for STS during that time in order to remove and conceal actual drive time and "on-duty" time. During that time, Defendant DAMIR SISIC and the STS' driver involved, including Drivers C.H., T.M., J.F., P.B.,

A.B., and M.T. texted with Defendant DAMIR SISIC to facilitate the falsification of that STS driver's logbook.

18. From on or about April 12, 2018, to on or about April 22, 2018, Defendant DAMIR SISIC edited Driver C.H.'s logbooks to remove and conceal actual drive time. During that time, Defendant DAMIR SISIC and C.H. texted each other to facilitate the falsification of C.H.'s driving logbook. For example, on April 19, 2018, Driver C.H. texted Defendant DAMIR SISIC stating, "Please don't forget to fix my logs I have 1:51 left," and Defendant DAMIR SISIC responded by text, "I fixed you got 5 hours just update hopefully it's enough."

19. On or about April 22, 2018, Defendant DAMIR SISIC, provided an Oklahoma State Trooper the hours of service detailed information for Driver C.H. for April 16, 2019, to April 22, 2019, which Defendant DAMIR SISIC knew was false and concealed the fraudulent edits that Defendant DAMIR SISIC made to Driver C.H.'s hours of service. The Oklahoma State Trooper requested C.H.'s logbook from Defendant DAMIR SISIC because the Trooper was investigating a truck fatality occurring on April 22, 2018, in which Driver C.H. died while operating an STS truck.

20. From on or about October 22, 2018, to November 1, 2018, during a compliance review, Defendant DAMIR SISIC provided to an FMCSA Investigator hours of service detailed information for Drivers C.H., T.M., J.F., P.B., A.B., and M.T., which he knew to be false and which concealed the fraudulent edits that he made to the drivers' hours of service.

All in Violation of Title 18, United States Code, Section 371.

AARON L. WEISMAN
United States Attorney

_____
LY T. CHIN
Assistant U.S. Attorney

_____      Date: __8/7/2020__
WILLIAM J. FERLAND
Assistant U.S. Attorney
Criminal Division Chief