UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

DAMIR SISIC,
                Defendant.

Criminal Case No. 20-63MSM

## UNITED STATES' SENTENCING MEMORANDUM

### I.    INTRODUCTION

On October 14, 2020, Defendant pled guilty to a one-count Information, which charged Defendant with Conspiracy to Falsify Records, in violation of 18 U.S.C. §371. Defendant has a total offense level of 15, a Criminal History Category of I, and a guideline range of 18-24 months.  For the reasons elaborated below, the United States recommends a sentence of 18 months and the agreed-upon fine of $50,000.

### II.    FACTS

Defendant was the owner of a commercial trucking company Sisic Transport Service LLC (STS) that began operating in 2015.  Defendant managed and supervised the day-to-day operations of the company until STS ceased operating in or about June 2019. STS employed approximately 7-10 drivers at a time.

STS was required to comply with U.S. Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA) safety regulations.  Among these regulations that serve to reduce the number of crashes, injuries, and fatalities that can be caused by fatigued drivers, the regulations restrict the driving time of commercial

drivers. The regulations also mandate that motor carriers require their drivers to record their driver's duty status as specified in the regulations. In this case, STS used Automatic Onboard Recording Devices (AOBRD) software owned by Omnitracs which allowed STS commercial drivers to electronically log their hours of service.

The AOBRD automatically records the driver as driving when the driver's truck starts moving and automatically records the time that the truck stops moving. This application records the start and stop times and location by city and state. This application did not allow a driver to edit the drive time portion of their electronic log. However, the application allowed a company official, like Defendant, with edit rights in the online system to login and change any portion of a drivers hours of service record or electronic log. This included the drive time portion of a driver's electronic log and location information. Here, edit audit reports obtained from Omnitracs showed Defendant used the Username DISPATCH to falsify STS employees' driving time and to change location information.

From on or about January 1, 2018, to on or about May 31, 2019, Defendant DAMIR SISIC made thousands of edits to electronic hour of service logbooks for approximately 20 STS drivers that worked for STS during that time in order to remove and conceal actual drive time and "on-duty" time. During that time, Defendant's phone records show that Defendant conspired with the STS drivers, including Drivers C.H., T.M., J.F., P.B., A.B., and M.T., through text messages to facilitate the falsification of that STS driver's logbook.

From on or about April 12, 2018, to on or about April 22, 2018, Defendant edited Driver C.H.'s logbooks to remove and conceal actual drive time. During that time, Defendant and C.H. texted each other to facilitate the falsification of C.H.'s driving logbook. For example, on April 19, 2018, Driver C.H. texted Defendant stating, "Please don't forget to fix my logs I have 1:51 left," and Defendant responded by text, "I fixed you got 5 hours just update hopefully it's enough."

On or about April 22, 2018, Defendant provided an Oklahoma State Trooper the hours of service detailed information for Driver C.H. for April 16, 2019, to April 22, 2019, which Defendant knew was false and concealed the fraudulent edits that Defendant made to Driver C.H.'s hours of service. The Oklahoma State Trooper requested C.H.'s logbook from Defendant because the Trooper was investigating the truck fatality occurring on April 22, 2018, in which Driver C.H. died while operating an STS truck.

From on or about October 22, 2018, to November 1, 2018, during a compliance review, Defendant provided to an FMCSA Investigator hours of service detailed information for Drivers C.H., T.M., J.F., P.B., A.B., and M.T., which he knew to be false and which concealed the fraudulent edits that he made to the drivers' hours of service.

The falsification of these records by Defendant allowed, encouraged, and caused STS drivers to operate their trucks in violation of federal highway safety regulations including exceeding the limitations on the maximum allowable hours of driving and on-duty, as well as to conceal these violations.

## III.   ARGUMENT

It is, of course, entirely within the discretion of the Court after considering the guidelines and the factors listed in 18 U.S.C. § 3553(a) (1)-(7), to fashion an appropriate sentence. *U.S. v. Martin*, 520 F.3d 87 (1st Cir. 2008). The § 3553 factors in this case indicate that a sentence of 18 months imprisonment is reasonable and appropriate.

In considering the nature and circumstances of the offense, the facts of this case show that Defendant, as the owner, manager, and supervisor of Sisic Transport Service LLC (STS), from January 1, 2018, through May 31, 2019, directed and facilitated the falsification of driver daily logs. This type of criminal conduct puts not only the innocent traveling public at risk from serious bodily injury, but truck drivers as well. This criminal activity must be punished and must have a deterrent effect for other commercial truck owners and their drivers. The ability of regulatory agencies to effectively enforce compliance with the federal highway safety regulations is directly compromised when a motor vehicle carrier, such as the defendant's, purposely evades the safety regulations on a consistent basis.

In <u>United States v. Johansson</u>, 249 F.3d 848 (9th Cir. 2001), the Ninth Circuit stated:

> It is apparent from the nature of Johansson's offense itself - creating false logbooks to conceal hours-of-driving violations - that the offense involved the risk of serious bodily injury. The regulations governing the logbooks and hours-of-driving requirements are entitled "Federal Motor Carrier *Safety* Regulations - Hours of Driving Drivers." C.F.R. Title 49, Part 395 (emphasis added). The hours-of-driving limitations are plainly designed to limit driver fatigue and therefore reduce motor carrier accidents. Violations of those regulations therefore create a "risk" of truck accidents and serious bodily injury. Moreover, by concealing the

hours-of-driving violations by creating false logbooks, Johansson magnified the risk created by the violations by ensuring that they would continue undetected.

Johansson, 249 F.3d at 859. The defendant in Johansson, like the defendant in this case, was the owner of the trucking company who facilitated and concealed the falsification of drivers' logs.

On or about April 22, 2018, when the Defendant provided an Oklahoma State Trooper C.H.'s logbook, the Trooper was investigating a truck fatality in which Driver C.H. died while operating an STS truck. While the United States is not alleging driver fatigue caused the accident as it appears that Driver C.H. also had medical issues, at the very least Defendant was aware of the necessity for safety and the potential devastating impact when one of Defendant's trucks is involved in an accident.

Unshaken and undeterred by this tragedy, Defendant continued to falsify and conceal his employees' driving records for over a year after Driver C.H.'s death. Defendant's subsequent actions speak to his greed for profits over the safety of his drivers and of the public. For example, on October 22, 2018, to November 1, 2018, during a compliance review, Defendant provided to an FMCSA Investigator hours of service detailed information for numerous drivers which he knew to be false and which concealed the fraudulent edits that he made to the drivers' hours of service. Indeed, Defendant made thousands of edits to electronic hour of service logbooks for approximately 20 STS drivers that worked for STS during that time in order to remove and conceal actual drive time and on-duty time. Defendant's willful actions were a

complete disregard to driver safety regulations that were promulgated and are enforced specifically to protect the public from fatigued truck drivers.

Notably, STS used Omnitracs electronic logging devices and contracted with Omnitracs for the Automatic Onboard Recording Devices (AOBRD) software.  The Omnitracs AOBRD allowed STS commercial drivers to electronically log their hours of service. The AOBRD automatically recorded the driver as driving when the driver's truck starts moving and automatically records the time that the truck stops moving. The AOBRD application recorded the start and stop times and location by city and state.  The AOBRD application did not allow a driver to edit the drive time portion of their electronic log.  However, Defendant was in a position of power, having edit rights to the electronic driving logs under the username "DISPATCH" which allowed Defendant to modify or remove drive time and change location information for his drivers which the drivers could not do themselves.   The Defendant also deliberately chose not transition to an Electronic Logging Device (ELD) because the Defendant would have lost the power to edit the driver's drive time and therefore circumvent the safety regulations.[1] Defendant manipulated the AOBRD application to falsify drivers' records and conceal their actual drive time, putting profits over people.

---

[1] From on or about January 1, 2018 to May 31, 2019, Omnitracs was transitioning their customers, such as STS, from AOBRDs to Electronic Logging Devices (ELD) following a regulatory change in or about 2015.  The regulatory change would require all commercial trucking companies to have ELD compliant devices after December 16, 2019 but allowed the use of AOBRDs until that date. The primary difference between an ELD and AOBRD is that drive time cannot be edited by anyone in an ELD compliant device. Omnitracs advised that the transition was customer controlled, free of cost and on or about August 27, 2018, the Defendant contacted Omnitracs and inquired about finding

Text exchanges between Defendant and his drivers, as shown from Defendant's phone extraction, show that they were driving while they were exhausted. For example, on February 11, 2019, Driver T.M. texted to Defendant, "I am here . . . and I am dead" and "2 or 3 hour naps don't cut it for me I can not work like this need to slow me down some." In a text exchange with Driver D.W. on June 15, 2018, Defendant falsifies the driving log while Driver D.W. tells him that he's exhausted:

**Driver D.W.:** I need about 30 mins down so I can finish this run safely. I'm tired and cant keep going right now. I'll text you when I'm moving again boss.

**Defendant:** Ok

**Defendant:** Update logs too

**Defendant:** How you feeling, taking off soon?

**Driver D.W.:** I'm still exhausted. But don't worry ill start driving again regardless of how I feel.

**Defendant:** Ok the product has to go to Mexico so she wants it around noon.

**Driver D.W.:** I hope this is a good paying load for them to not care about driver safety.

**Defendant:** All set just be careful

Further, on April 16, 2019, the following text exchange occurs between Defendant and Driver B.B.:

**Driver B.B.:** Falling asleep at the wheel. . . no good

---

more about ELDs. However, the Defendant never transitioned any of the devices from AOBRD to ELD.

**Driver B.B.:** I understand dispatch is difficult but this just killz a driver . . . not safe, not legal, just ridiculous . . . I'm tired of it

**Driver B.B.:** When it's late . . . don't call my phone screamin/yelling cuz u know this is bs . . . . 1400 miles

**Driver B.B.:** Just send some hours that I can use today if u can

**Defendant:** Looking at log now give me a few minutes

Thus, Defendant was well aware that falsification of his drivers logs, enabled his drivers to drive longer, even if they were exhausted.

In considering Defendant's background, Defendant is well educated with a Bachelor of Science degree in Business Management. Defendant was the owner of a trucking company and in a position to ensure that his drivers abided by driver safety regulations. While he has no criminal history, he engaged in criminal conduct over the course of a year by falsifying electronic drivers' logs and concealing drivers actual drive time that placed his truck drivers and the public at risk.

Given Defendant's serious criminal conduct, a serious sentence is needed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and to adequately deter others. A sentence of 18 months, at the low end of Defendant's guideline range, is warranted. See also United States v. Johansson, 249 F.3d 848 (9th Cir. 2001)(affirming sentence of 15 months, the low end of the guideline range of 15-21 months, for trucking company owner involved in falsification of drivers' logs); Unites States v. Nijjar, Cr. No. 04-5356, Dkt. No. 518 Sentencing Transcript and Dkt. No. 497, Judgment and Commitment (E.D. Cal. June 5, 2008) (sentencing trucking

company president and owner for false statement involving falsification of drivers' logs with 12 months imprisonment, at the low end of guideline range of 12-18 months and imposing condition of supervised release that "Defendant shall not have any type of ownership interest in any commercial truck driving company while on supervised release.")[2]; Unites States v. Szteborowski, Case No. 3:11CR236(AWT), Dkt. No. 133 Judgment  (D. Ct. February 21, 2014) (sentencing the company manager involved in falsification of driver's logs for a total of 14 months imprisonment, at the top of the guideline range of 8-14 months and imposing the condition of supervised release that "The defendant shall not participate in any way, either directly or indirectly, in any business under the jurisdiction of the U.S. Department of Transportation, including that of WISLA Express, LLC.").

## V.    CONCLUSION

For all the foregoing reasons, the United States submits that a sentence of 18 months imprisonment and the agreed-upon fine of $50,000, would be sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

---

[2] In June 2019, prior to and on the heels of search warrants being executed that same month on his place of business which operated out of his residence, Defendant's trucking company suddenly stopped operating.  Defendant claims that since July 2019, he has worked for his younger brother's, Omer Sisic's trucking company, Bosnia Express, LLC.  Notably, Omer previously worked for Defendant's trucking company, STS, before it suddenly stopped operating.  To ensure that this Defendant is not running the "new" trucking company Bosnia Express, LLC through his brother Omer, and to protect the public, the United States recommends that the Court impose the following condition of supervised release similar to Szteborowski that, "The defendant shall not participate in any way, either directly or indirectly, in any business under the jurisdiction of the U.S. Department of Transportation, including that of Bosnia Express, LLC."

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

AARON L. WEISMAN
United States Attorney

/s/ Ly T. Chin
LY T. CHIN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000 (office)
401-709-5001 (facsimile)
ly.chin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2021, I caused the within United States' Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

John L. Calcagni, III, Esq.
One Custom House Street, Suite 300
Providence, RI 02903

/s/ Ly T. Chin
LY T. CHIN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000 (office)
401-709-5001 (facsimile)
ly.chin@usdoj.gov